## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. AMARI KIMBRO, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. CIV-2022- 1003-PRW |
| 1. STATE OF OKLAHOMA ex rel OKLAHOMA HOUSE OF REPRESENTATIVES, | ) ) ) ) | Race/retaliation arising in Oklahoma County |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, and for her cause of actions states as follows:

### PARTIES

1. The Plaintiff is Amari Kimbro, an adult African American female residing in Oklahoma City, Oklahoma.

2. The Defendant is the State of Oklahoma which is acting through the Oklahoma House of Representatives.

### JURISDICTION AND VENUE

3. This is a cause of action for race discrimination and retaliation as prohibited by Title VII, 42 U.S.C. § 1981 and Oklahoma's public policy. Jurisdiction over the federal claims is vested pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331. The state law claims arise out of the same core of facts and jurisdiction is vested in this Court under 28 U.S.C. § 1367.

4. All of the actions alleged herein arose in Oklahoma County, Oklahoma, and the Defendant may be served in that county. Oklahoma County is within the Western District for the State of Oklahoma for which reason venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

## FACTS

5. The Plaintiff is an African-American female who was employed by the Oklahoma House of Representatives, State of Oklahoma, as Legislative Assistant from January 21, 2019 until her wrongful termination on June 2, 2021.

6. Plaintiff worked directly for Representatives Andy Fugate and Denise Brewer.

7. On or about April 20, 2021, a group of persons who labeled themselves as 'Black Lives Matter' supporters appeared in the gallery of the House of Representatives. These persons were chanting and a disruption arose where certain Republican Legislators (Rep. Olson, Rep. Humphreys, among others) confronted those persons in the gallery. Plaintiff left her office because of the disturbance and found that Tonya Pogue, Legislative Assistant, was confronting one of the 'Black Lives Matter' protestors. Plaintiff was concerned that there would be a physical altercation so Plaintiff stepped between Ms. Pogue and the protestor (known as Jabee) and started gently moving the protestor out of the gallery. Plaintiff was eventually able to calm down the protestors and convince them to leave.

8. To Plaintiff's recollection, the next week, members of the official 'Black Lives Matter' organization (of which Plaintiff is a member) appeared in the gallery and they were confronted by a Sergeant of Arms and the Chief of Security who threatened them with arrest if that spoke or made any noise. Plaintiff asked Rep. Pittman and then Rep. Virgin if that was a new law or policy and they advised her that it was not.

9. Representative Humphries had a 'Black Lives Matter' representative removed from his office and called the troopers to accomplish this. Plaintiff was one of several person who witnessed his actions, but Plaintiff was not involved and did not say anything.

10. Shortly thereafter, Plaintiff learned that HR was recruiting black persons to fill a

Legislative Assistant position which turned out to be Plaintiff's position.

11. On June 2, 2021, Plaintiff received an email from HR asking to see Plaintiff. Plaintiff also received a phone call to come to the HR office. Two Sergeants at Arms were in the office. Jason Sutton, director of operations (white) was present and told Plaintiff that the decision has been made and Plaintiff's services were no longer needed. Plaintiff tried to ask questions and but Mr. Sutton refused to answer any questions.

12. Plaintiff's removal was contrary to the normal procedure in that the Representatives select their Assistants and Plaintiff's Representatives were not notified of this decision and had no say in the decision.

13. The reason for Plaintiff's termination is was Plaintiff's race, color and her association with the Black Lives Matter movement.

14. Jason Sutton further retaliated against the Plaintiff's involvement in the Black Lives Matter movement by threatening Plaintiff bad employment references if she did not sign a voluntary resignation and even with criminal prosecution regarding a laptop lawfully in her possession.

15. As a direct result of such actions, the Plaintiff has suffered lost earnings and dignitary harm including emotional distress for which she is entitled to compensation in the form of damages.

16. Plaintiff timely filed a charge of discrimination with the EEOC on or about September 20, 2021.

17. The EEOC issued a right to sue letter on or about August 25, 2022, which was received thereafter.

18. This action was filed within ninety (90) days of receipt of the right to sue letter.

## PRAYER

Plaintiff prays that she be awarded all available damages suffered as a result of the actions above described together with her costs, attorney's fees and such other relief as this Court determines to be appropriate.

**RESPECTFULLY SUBMITTED THIS 22${}^{ND}$ DAY OF NOVEMBER, 2022.**

                                            s/ Mark Hammons
                                            Mark Hammons, OBA No. 3784
                                            Amber Hurst, OBA No. 21231
                                            HAMMONS, HURST & ASSOCIATES
                                            325 Dean A. McGee Avenue
                                            Oklahoma City, OK 73102
                                            Telephone: (405) 235-6100
                                            Facsimile: (405) 235-6111
                                            taylor@hammonslaw.com
                                            *Counsel for Plaintiff*
                                            **Jury Trial Demanded**